COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-015-CR

 

FRANK JAMES MCALEER III                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

In four points, Appellant
Frank James McAleer III appeals his conviction for indecency with a child.  We affirm.

II. Factual Background and
Procedural History








On the afternoon of August
25, 2004, Gloria Aguilar was washing her laundry at the Quick Wash laundromat
with the help of her son and daughter when she saw a man, later identified as
McAleer, with both hands inside his shorts Aplaying with . . . his penis.@  Afraid, Aguilar told her
daughter to stay close and not to go outside. 
She also told Martha Chavez, another Quick Wash patron, who was there
with her two-year-old son and three-year-old niece, to keep a close eye on them
and further explained what she had witnessed. 

After hearing this, Chavez
went to check on the children who were playing around the corner from her in
the laundromat.  Chavez testified that
when she turned the corner she saw McAleer with his pants pulled down and about
one-inch of his penis exposed.  She
further stated that McAleer was directing his actions at her three-year-old
niece and another little girl about five-years old who were playing
ring-around-the-rosy three feet away from him. Chavez testified that both
children noticed and reacted to McAleer=s display. The older child made a face while the three-year-old stared
in shock.

When McAleer noticed Chavez
was watching, he pulled up his shorts and went outside where he got on a pink
little girl=s bike.  Chavez immediately called the police and gave
them a description of McAleer.  Officer
Lang arrived at the scene and found McAleer outside the laundromat wearing only
a bathing suit that was about two sizes too big, untied, and hanging low enough
that you could see his pubic hair.








McAleer was placed under
arrest and charged with the offense of 
indecency with a child.  At trial,
the jury found McAleer guilty and the judge sentenced him to twenty years= confinement.

                                        III. Discussion

The statute under which
McAleer was convicted reads in pertinent part, 

A
person commits an offense if, with a child younger than 17 years and not the
person=s
spouse, whether the child is of the same or opposite sex, the person, with
intent to arouse or gratify the sexual desire of any person, exposes the person=s
anus or any part of the person=s genitals, knowing the child
is present.

 

Tex. Penal Code Ann. '
21.11(a)(2)(A) (Vernon 2003).  In four
points, McAleer contends that the evidence at trial was legally and factually
insufficient to sustain the conviction; specifically, he argues that the
evidence was legally and factually insufficient to prove beyond a reasonable
doubt that he acted with the intent to arouse or gratify the sexual desire of
any person.  Because each of McAleer=s four points is interrelated our discussion of those points will be
combined.  

A. Standards of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

The standard of review is the
same for direct and circumstantial evidence cases.  Burden v. State, 55 S.W.3d 608, 613
(Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).  In a sufficiency
review, the jury=s inference
of intent is afforded more deference than the evidence supporting proof of
conduct.  Margraves, 34 S.W.3d at
919.  Circumstantial evidence of a
defendant=s guilty
knowledge is not Arequired to
meet the same rigorous criteria for sufficiency as circumstantial proof of
other offensive elements.@  Id. (quoting Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal
sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

B. Application 








Reviewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found the essential elements of indecency with a child beyond a
reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Hampton,165 S.W.3d at 693.  Although there was arguably some conflicting
evidence as to McAleer=s intent, we
must presume that the jury resolved any such conflict in favor of the
prosecution and defer to that resolution. 
See Matson, 819 S.W.2d at 846. 
The jury=s
determination that McAleer had knowledge of the children=s presence and that his intent was to arouse or gratify his sexual
desire could be inferred from Chavez=s testimony that McAleer had exposed himself in front of two children
playing only three feet away.  See
Margraves, 34 S.W.3d at 919; see also Brown, 911 S.W.2d at 747.  Therefore, we hold there was legally
sufficient evidence to support McAleer=s conviction.  McAleer=s first and third points are overruled.  

Likewise, after our review of
all the evidence in a neutral light, favoring neither party, we conclude that
the evidence supporting McAleer=s conviction is also factually sufficient.  Watson, 204 S.W.3d at 414B15. 








The State contends that the
jury was entitled to conclude from the testimony given at trial that McAleer
intended to arouse or gratify himself. 
For example, the State=s witness Aguilar, testified that she had seen McAleer with both of
his hands inside his shorts Aplaying with . . . his penis.@  Another State witness, Chavez,
testified that McAleer had pulled his shorts down and exposed his penis to two
girls only three feet from him.  McAleer
on the other hand, argues that there is not any evidence to support the jury=s finding because the evidence does not reflect that he was erect,
masturbating, or performing any other act which would indicate intent to arouse
or gratify sexual desire.  However, the
State is not required to show any of these things.  See Gregory v. State, 56 S.W.3d 164,
171 (Tex. App.CHouston [14th
Dist.] 2001, pet. dism=d)
(acknowledging that no oral expression of intent or visible evidence of sexual
arousal is necessary).  

Here, the jury agreed with
the State.  We may not simply substitute
our judgment for the jury=s.  Johnson, 23 S.W.3d at 12; Cain,
958 S.W.2d at 407.  Under these facts,
the record does not clearly reveal that a different result was appropriate.  Johnson, 23 S.W.3d at 8.

Therefore, we hold the
evidence supporting McAleer=s conviction was not so weak that the jury=s determination was clearly wrong and therefore, manifestly unjust.  See Watson, 204 S.W.3d at 414B15, 417; Johnson, 23 S.W.3d at 11.  McAleer=s second and fourth points are overruled.  

IV. Conclusion 

Having overruled McAleer=s four points, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 25, 2007











[1]See Tex. R. App. P. 47.4.